# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| THOMAS F. WORTHY, JAMES D. ADAMS, and WILLCOX-LUMPKIN CO., INC., individually and on behalf of those similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) CASE NO.: 3:17-cv-73 |
| v. | ) ) |
| | ) **CLASS ACTION** |
| | ) **DEMAND FOR JURY TRIAL** |
| THE CITY OF PHENIX CITY, ALABAMA, and REDFLEX TRAFFIC SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) |

---

## CLASS ACTION COMPLAINT

---

Plaintiffs THOMAS F. WORTHY, JAMES D. ADAMS, and WILLCOX-LUMPKIN CO. for their complaint against THE CITY OF PHENIX CITY, ALABAMA ("Defendant Phenix City"), a municipal corporation of the state of Alabama, and REDFLEX TRAFFIC SYSTEMS, INC. ("Defendant Redflex"), a Delaware corporation, and allege as follows:

## PARTIES

1.      Plaintiff Thomas F. Worthy is an Alabama citizen, a resident of Lee County, Alabama, and is of nineteen years of age or older.

2.      Plaintiff James D. Adams is an Alabama citizen, a resident of Russell County, Alabama, and is of nineteen years of age or older.

3.      Plaintiff Willcox-Lumpkin Co., Inc. is a Georgia corporation with its principal place of business in Columbus, Muscogee County, Georgia 31901.

4.      Defendant Phenix City is a municipal corporation formed under the laws of the State of Alabama, is located in Russell County, Alabama, and can be served at the City Clerk's Office, 601 12th Street, Phenix City, Alabama 36867 through its clerk, Charlotte L. Goodrich.

5.      Defendant Redflex Traffic Systems, Inc. is a Delaware Corporation with its principal place of business at 23751 N. 23rd Avenue, Phoenix, Arizona 85085, who can be served at National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

## JURISDICTION

6.      This Court has subject matter jurisdiction over the above-styled matter pursuant to 28 U.S.C. § 1331, as Plaintiff presents an action arising under the Constitution and the laws of the United States.

7. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant Redflex, as Redflex maintains sufficient minimum contacts with the State of Alabama and is doing business with Defendant Phenix City.

9. This Court has personal jurisdiction over Defendant Phenix City, as Defendant is a municipal corporation situated within the State of Alabama, and maintains sufficient minimum contacts with the State of Alabama.

10. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) (2), as a substantial part of the events giving rise to the claims occurred with this District and Division thereof.

## **FACTUAL ALLEGATIONS**

### *I. Phenix City's Red Light Camera Safety Program*

11. In 2012, the City of Phenix City, Alabama ("Defendant Phenix City") initiated plans to create its Red Light Safety Program ("Program"). The Program was to be implemented within its city limits and installed by Defendant Redflex.

12. On October 2, 2012, the City Council of Phenix City, Alabama adopted Ordinance No. 2012-21 ("Red Light Camera Ordinance"), which was specifically titled "An Ordinance to Amend the Code of Ordinances of the City of Phenix City,

-3-

Alabama, Chapter 14 – Motor Vehicle and Traffic, Article I – General, Section 14-5 – Obedience to Traffic Control Devices."

13.     The Red Light Camera Ordinance amended Section 14-5 of the Phenix City Code of Ordinances, and in turn allowed for "Automated Photographic Enforcement of Traffic Control Device Violations[.]"

14.     The 2012 addition, which is listed under Section 14-5.1, allows for the imposition of a civil penalty if "a motor vehicle registered to the owner proceeds into an intersection at a system location when the traffic control signal for that motor vehicle's direction is emitting a steady red signal."

15.     Defendant Phenix City's Red Light Safety Program is an official municipal policy involving the City's intentional adoption, implementation, and use of unconstitutional conduct against Plaintiffs and Class Members.

16.     Defendant Phenix City is responsible for the execution of said Program, and is therefore responsible for the deprivation of Plaintiffs and Class Members rights that continues to occur as a result.

17.     Upon authorizing the use of red light traffic cameras with the Red Light Camera Ordinance, Defendant Phenix City contracted with Redflex Traffic Systems, Inc. to implement its Program. Defendant Redflex installed red light camera systems for Phenix City, and maintains/operates the system for Phenix City as a third party.

-4-

18.     On April 15, 2013, Defendants' first red light camera was activated. Thereafter, red light cameras were installed at two additional intersections within the city limits of Phenix City. Cameras like the one shown below are now installed within the city limits at multiple intersections.



19.     Defendant's red light cameras are located at the following intersections in Phenix City:

### A.     13th Street and Broad Street



-5-



**B.   Crawford Road and 17th Avenue**





### C.    Summerville Road and Stadium Drive





20.    Red light cameras are allegedly operated by automatically photographing a vehicle that travels through an intersection while a traffic signal is illuminated red.

21.    Further, the red light cameras take photographs of vehicles who purportedly fail to stop completely before turning at a red light.

22.    When an alleged red light violation is detected/photographed by the red light camera, a photograph of the rear of the vehicle traveling through the intersection is taken, as well as a photograph of the vehicle's license plate. Both of the photographs are of the rear of the alleged vehicle involved in the violation, and at no point is there a photo of the individual actually operating the vehicle.

23.    Following an alleged red light violation, a notice of violation is sent/mailed to the registered owner of the vehicle within 30 days of the violation.

24.    In said notice, the option for a hearing is simply stated on a coupon that can be sent to the City. No information is provided as to how the hearing is conducted or who conducts it, nor is there any information on what Plaintiffs and Class Members' rights are following a violation. Instead, a notice inconspicuously states that Plaintiff and Class Members can request a hearing within a specific timeframe.

25.    Pursuant to the Red Light Camera Ordinance, Defendant Phenix City imposes a $100 "civil penalty" per violation, with an additional late payment fee of $25 if the "penalty" is not paid on time. When a payment is late, Phenix City sends default notices to alleged violators demanding payment of the penalty. If no payment is made, Defendants threaten to use/use a collection agency to collect payment.

26.    The Red Light Camera Ordinance makes no exception for those who are charged with a violation due to another driver allegedly running a red light in the owner's vehicle. The Ordinance simply classifies an owner as "the owner of a motor vehicle as shown on the motor vehicle registration records of the Alabama Department of Revenue or the analogous department or agency of another state or country."

27. Defendant Redflex, a third party, for-profit entity, uses its own discretion in making determinations as to whether violations occurred, followed by an actual police officer clicking a "yes" button.

## II. *Criminal Nature of Red Light Camera Ordinance Violations*

28. In operating under the Red Light Camera Ordinance, Defendant Phenix City labels a routinely criminal violation as "civil" solely based on the assertion that the violation is separate and "civil" in nature.

29. In doing so, Defendant Phenix City is illegally attempting to circumvent the Constitutional protections afforded to alleged violators of the identical criminal violation stated above by calling the violation "civil" and stripping the Constitutional protections afforded for same.

30. Defendant Phenix City's Ordinance creates a situation where one individual receives the burden of proof of "beyond a reasonable doubt" when physically stopped by a police officer for a red light violation in Phenix City, while another individual allegedly committing an identical violation is dealt a preponderance of the evidence burden simply because he or she happened to be at one of the Phenix City intersections equipped with red light cameras.

31. At all times leading up to and during the "hearing" afforded by Defendant Phenix City, the Red Light Camera Ordinance improperly imposes a lesser burden of proof for the City with regard to who allegedly committed the

violation. The Red Light Camera Ordinance states that "the issues must be proven at the hearing by a preponderance of the evidence[ ]" and allows for a lesser standard of proof simply because an alleged violator was photographed for a "civil" violation rather than pulled over by a police officer for a criminal violation.

32.    However, while it attempts to apply said standard, the "civil" violation is treated as criminal at the circuit court level, while still attempting to use a "civil" burden of proof.

33.    Receiving different and more limited rights for an identical traffic violation at a red light camera intersection simply because Defendant Phenix City calls the violation "civil" rather than criminal defies logic, conflicts with the traditional notions of justice, and fails to meet the necessary standards set forth under the U.S. and Alabama Constitutions.

34.    Because Defendant Phenix City has attempted to characterize a violation under the Ordinance as "civil" when the violation is actually criminal under Alabama law, the proper Constitutional protections have not been afforded to Plaintiffs and Class Members in being charged with alleged violations.

35.    Red light cameras in Phenix City, as well as the "hearings" afforded to alleged violators, fail in every way to allow an individual to confront his or her accuser pursuant to the 6th Amendment, and fails to afford alleged violators the proper protections against self-incrimination under the 5th Amendment.

36.    Furthermore, pursuant to the Red Light Camera Ordinance, the "reliability of the photographic traffic signal enforcement system used to produce the recorded image of the violation may be attested to in an administrative adjudication hearing by affidavit of an officer or employee of the city or the entity with which the city contracts to install or operate the system and who is responsible for inspecting and maintaining the system."

37.    The Red Light Camera Ordinance does not require any kind of proof that the cameras were working at the time the alleged violation occurred. Moreover, the Ordinance does not require the use of supporting affidavits, but instead simply *allows* for the submission of said affidavits from Defendant Redflex in support of whether the camera was functional. Undoubtedly, these affidavits are not provided in support of the alleged violations.

38.    Even if one is submitted, an affidavit submitted after the fact fails to show that the camera was operational at the time of an alleged violation.

39.    The "hearing" afforded does not give an individual an opportunity to cross examine anyone as to the alleged violation.

40.    The police officer whose name was on the affidavit is not present, nor is the Redflex employee at the hearing present to testify as to whether the camera at issue was operational.

-11-

41.     Defendant Phenix City has created and benefitted from an unconstitutional scheme that imposes criminal fines on Plaintiffs and Class Members without giving them the Constitutional rights associated with being accused of a crime. Because the Red Light Camera Ordinance is based on the assertion that it is "civil" when it is actually criminal, the Ordinance ignores those rights and has generated a substantial profit at the expense of same.

42.     Defendant Redflex acted in concert with Defendant Phenix City in operating and maintaining the unconstitutional scheme, and has benefitted significantly from Defendant Phenix City's unconstitutional conduct.

43.     Defendant Phenix City has failed to follow the Ordinance it has in place for the administration of red light cameras by improperly implementing the protocols required by state law, the Alabama Constitution, and the U.S. Constitution, and both Defendants have profited substantially off of same.

44.     Plaintiffs and Class Members contest the validity of the photographs and/or videos taken by Defendants' red light cameras, as well as the validity of the alleged violations at issue, and are without an opportunity to properly challenge such violations, whether they are treated as "civil" or criminal.

### III.    *Treatment of Red Light Camera Ordinance as "Civil"*

45.     From a "civil" standpoint, Defendant Phenix City has failed to afford Plaintiffs and Class Members a court with jurisdiction to contest their alleged violations.

46.     The Phenix City Municipal Court lacks jurisdiction to conduct the red light camera "administrative adjudication hearings" afforded under the Red Light Camera Ordinance, as the cases involve what the City characterizes as purely "civil" fines, and the Circuit Court of Russell County lacks jurisdiction on appeal due to same.

47.     If the violations are "civil" as Defendant Phenix City contends, then its Red Light Camera Ordinance currently fails to provide a single forum with the requisite jurisdiction, trial or appellate, to hear Plaintiffs and Class Members' challenges to their respective violations. Such a scheme is unconstitutional on its face, as there is no court with jurisdiction available for contesting/appealing said violations and no viable process for relief from of those violations.

### IV.    *"Hearing" Afforded by Defendant Phenix City's Red Light Camera Program*

48.     With regard to the "hearing" that is actually offered by Defendant Phenix City, the Red Light Camera Ordinance provides that a person who receives a notice of violation may submit a request for an "administrative adjudication

-13-

hearing". The hearing is conducted by a "hearing officer", which is undefined by the Ordinance.

49.     The only individual that is actually tasked with the administration of the Red Light Camera Ordinance is Defendant Phenix City's municipal court administrator.

50.     The "hearing" option itself afforded by Defendant Phenix City is ultimately a sham procedure that fails to amount to anything other than said administrator, who in reality is neither a lawyer nor a judicial officer, viewing a computer screen in an office.

51.     Following the hearing, the "hearing officer" issues an order stating "(1) [w]hether the person charged with the civil violation is liable for the violation; and (2) [t]he amount of any civil penalty, late penalty, and administrative adjudication cost assessed against the person." Said orders are filed in the office of the municipal court administrator.

52.     Phenix City's municipal court administrator is presiding in a position that calls for a municipal judge under Alabama law, and said administrator does not have a law degree or any authority as a "magistrate" to preside over Defendant Phenix City's "hearings" or enter orders following same.

53.     In actuality, the "hearings" are simply a redundant look at what the City already decided. The City is not an administrative agency that is empowered by

-14-

Alabama law with the ability to judicially review its own decisions. In this case, there is not a review by anyone other than an additional employee of Phenix City looking at a computer screen. It is clear that there are no "witnesses" or contractors from Defendant Redflex present at the hearings, and Plaintiffs and Class Members had no opportunity to challenge anything.

54.     The court clerk and/or magistrate is not a municipal judge, which is required under the state enabling statute, and has no authority under Alabama law to "adjudicate" anything with regard to the Red Light Camera Ordinance. Thus, Plaintiffs and Class Members' only option following a violation is to request a hearing with a "hearing officer" who in reality has no authority to conduct the hearing or grant any relief.

55.     After the "hearing officer" issues an order, the alleged violator may appeal to the Circuit Court of Russell County, Alabama after paying a filing fee, which exceeds the amount of the actual "penalty" and an additional $25.00 charge for taking advantage of the supposed "hearing" procedure.

56.     Only after the alleged violator spends more than three times the cost of an actual violation, plus an additional $25 for the "hearing" conducted in the municipal court administrator's office, does that individual get an opportunity to apparently confront and cross-examine anyone accusing him/her, if they actually get that opportunity at all. The hearing offered by Defendant Phenix City itself fails to

-15-

afford that opportunity, and it is clear that the appeal to circuit court would be where the adjudication would actually occur, if it occurs at all.

57.     Moreover, given the nature of Defendant Phenix City's "process", the "hearing" and the subsequent option to appeal have effectively limited alleged violators' access to the court. The type of procedure described above acts as a barrier to a variety of challenges, and in turn limits one's ability to effectively seek relief from same.

58.     The state laws authorizing Defendant Phenix City to create a separate civil offense violate both the U.S. Constitution and the Alabama Constitution, and conflict with Alabama law. Thus, there is not a viable process in place at all. Authorizing Defendant Phenix City to use red light cameras has created a massive conflict that has led to outsourced policing of traffic violations and a conspiracy between the Defendants in this case to maximize profits from red light violations.

59.     Regardless of the nature in which Defendants attempt to characterize it, the Red Light Camera Ordinance and the "process" associated with it fails to afford Plaintiffs and Class Members with the protections required under the U.S. Constitution and the Alabama Constitution.

60.     When viewed as criminal, the Red Light Camera Ordinance is unconstitutional due to the "civil" burdens it attempts to impose. The Constitutional

-16-

protections of what should be considered a purely criminal violation have simply been stripped away to Defendants benefit.

61.     When viewed as "civil", the Ordinance fails to afford any type of procedural and/or substantive due process to challenge their alleged violation from a civil standpoint, as the courts provided under the Ordinance are without jurisdiction to even hear Plaintiffs and Class Members' cases, the hearings are presided over by a court clerk without authority/in violation of Alabama law, and the process actually afforded under the Ordinance is wholly insufficient to meet the proper Constitutional standards.

62.     As such, Defendant Phenix City has implemented a red light camera program that operates in violation of the U.S. Constitution, the Alabama Constitution, and Alabama law. As a result of the implementation of the Program, Plaintiff and Class Members' civil rights have been violated.

63.     Defendant Phenix City's use of red light cameras infringes on important and private interests of Plaintiff and Class Members, such as the ability to travel, the overall access to their respective court system, the right to confront an accuser, and the due process to which they are entitled pursuant to the U.S. and Alabama Constitutions. An adverse ruling regarding said interests would allow for Defendants' red light camera scheme to continue violating Plaintiff and Class Members' Constitutional rights.

-17-

64.     Defendant Phenix City's use of red light cameras has a significantly high risk of error, as it does not have a mechanism to photograph the individuals operating the vehicles, and makes no effort to ensure who the operator of the vehicle is prior to issuing a citation. Instead, it simply fines the registered owner of the vehicle liable through a warped view of imputed liability that simply does not exist, which is a clear violation of said individuals' rights.

65.     Further, the "hearing" itself fails to provide a viable avenue to challenge said violations after the notices are sent to purported violators of the Red Light Camera Ordinance.

66.     Defendant Phenix City failed to use alternate procedures that are reasonably available for use in its Red Light Safety Program. Throughout its existence, Phenix City's Red Light Safety Program has failed to utilize cameras that photograph the front of an alleged violator's vehicle, although each and every intersection would easily permit for such photos. Further, it could have required affidavits as to whether Defendant Redflex's cameras were working at the time of the alleged violation, but chose not to require them in their Ordinance or apparently at their hearings.

67.     Finally, it could have followed Alabama law, the Alabama Constitution, and the U.S. Constitution in conducting its hearings instead of lackadaisically placing the municipal court administrator at the center of the

Program's administration and affording Plaintiffs and Class Members a virtually non-existent hearing process and an appeal in circuit court that costs three times more than the actual traffic violation itself.

## V. *Defendant Redflex's Involvement in Defendant Phenix City's Red Light Safety Program*

68. Defendant Phenix City entered into an unconstitutional agreement with Defendant Redflex in order to maximize revenue from the Red Light Cameras in Phenix City.

69. In allowing Defendant Redflex to operate the traffic light camera systems and make determinations as to violations, Defendant Phenix City has attempted to outsource a discretionary policing matter in violation of the U.S. Constitution and the Alabama Constitutions.

70. Defendant Redflex is a private corporation essentially determining whether red light violations have occurred. Further, Defendant Redflex, a for-profit business, has an incentive to increase its profits from red light traffic violations rather than for their purported "public safety" aspirations, and have benefitted substantially from acting upon said incentives. Such practices are a fundamental violation of Plaintiff and Class Members' rights under the Alabama Constitution and the United States Constitution.

71. Upon information and belief, Defendant Redflex, a private corporation, receives a majority of the proceeds from red light camera citation payments in

Phenix City. Redflex uses municipalities like Phenix City as pawns in its over-arching profit-generating scheme, and secures contracts with each of them through promises of high revenue.

72.    While Defendant Redflex justifies its presence in municipalities like Phenix City with the broad claim of "public safety", it is clear that its intentions are solely based on the incentive of maximizing its profits at the expense of those driving in Phenix City.

73.    In conspiring with Defendant Phenix City, Defendant Redflex has put itself in a position where it engineers the means to find traffic violations and oversees whether said violations occur. Their determinations are subject to an astounding conflict, as the more violations they can report, the more they can profit from drivers in Phenix City.

74.    For-profit entities cannot be afforded the ability to do the police's job for them. This practice amounts to an unlawful grant of police discretion to Defendant Redflex, and the profits they obtained are ultimately gained through a blatantly unconstitutional practice which has deprived Plaintiffs and Class Members' of their civil rights.

75.    Defendant Redflex has acted in concert with Defendant Phenix City in creating a profit-inspired scheme that deprives Plaintiff and Class Members of the rights afforded to them under the U.S. Constitution and the Alabama Constitution.

-20-

Further, Defendant Redflex has directly benefitted from unconstitutional conduct through its agreement with Defendant Phenix City and received compensation through its operation under same.

76. Due to the egregious Constitutional violations presented by Defendant Phenix City's Red Light Camera Ordinance, as well as the traffic light cameras that both Defendant Phenix City and Defendant Redflex continue to take advantage of, it is clear that Plaintiffs and Class Members have and will continue to suffer harm without the capability of legitimately challenging the accusations asserted against them.

## **NAMED PLAINTIFF ALLEGATIONS**

77. Plaintiffs and Class Members all received notices from Defendants alleging a red light traffic violation under the Red Light Camera Ordinance. Such notices required Plaintiffs and Class Members to pay a $100 fine.

78. The notices fail to show the individuals operating each vehicle, and instead show the rear of Plaintiffs and Class Members' vehicles and their license plates.

79. Plaintiffs and Class Members deny and contest their "liability" as to their respective violations, and the process put in place by Defendant Phenix City fails to afford them a legitimate opportunity to challenge same.

-21-

80.    As a result of Defendant Phenix City's Program, Plaintiffs and Class Members have suffered an injury in fact and their civil rights have been violated. All have been fined, threatened with civil collection proceedings by Defendant Phenix City, and put in a position where the an improper burden of proof has been imposed on them for an alleged criminal violation.

81.    Further, the hearing process afforded to Plaintiffs and Class Members by Defendant Phenix City amounted to a sham proceeding that failed to provide the rights that all are entitled to under the United States and Alabama Constitution. Expending further resources in challenging same through the "process" afforded by Defendant Phenix City is ultimately futile, given the nature of the proceeding itself.

### I.    *Plaintiff Willcox-Lumpkin Company, Inc.*

82.    On September 11, 2015, Plaintiff Willcox-Lumpkin Co. was issued a Notice of Violation from Defendants due to a driver allegedly running a red light at the intersection of 13th Street and Broad Street, Phenix City, Alabama.

83.    Plaintiff Willcox-Lumpkin Co. was not operating the vehicle when the alleged violation occurred. As the registered owner of the vehicle, Plaintiff Willcox-Lumpkin was sent the Notice of Violation rather than the individual driving the vehicle. Plaintiff Willcox-Lumpkin Co. was fined $100 on said Notice.

84.    Plaintiff Willcox-Lumpkin Co. denies liability for the alleged violation, and attempting to challenge same through Defendant Phenix City's "process" would

be futile, given that the entire "process" is fundamentally flawed as alleged herein and fails to provide due process as required by the 14th Amendment of the U.S. Constitution.

85.    As a result of Defendants' conduct, Plaintiff Willcox-Lumpkin Co., Inc. has and will continue to suffer damages.

### II.    Plaintiff James D. Adams

86.    On October 15, 2015, Plaintiff Adams was issued a Notice of Violation from Defendants alleging that he unlawfully travelled through the intersection of 17th Avenue and Crawford Road, Phenix City, Alabama after the traffic light turned red on October 8, 2015. Plaintiff Adams was fined $100 on said Notice.

87.    Plaintiff Adams denies liability for the alleged violation, and attempting to challenge same through Defendant Phenix City's "process" would be futile, given that the entire "process" is fundamentally flawed as alleged herein and fails to provide due process as required by the 14th Amendment of the U.S. Constitution.

88.    As a result of Defendants' conduct, Plaintiff Adams has and will continue to suffer damages.

### III.    Plaintiff Thomas F. Worthy

89.    On December 31, 2015, Plaintiff Worthy was issued a Notice of Violation from Defendants alleging that he unlawfully travelled through the intersection of 17th Avenue and Crawford Road, Phenix City, Alabama after the

-23-

traffic light turned red on December 29, 2015. Plaintiff Worthy was fined $100 on said Notice.

90.     Plaintiff Worthy requested a hearing from Defendant Phenix City, which was subsequently conducted on February 3, 2016. Plaintiff Worthy was charged an additional $25 for the "hearing".

91.     Plaintiff Worthy's "hearing" was conducted by the municipal court administrator at her office in Phenix City, Alabama.

92.     Said administrator admitted at Plaintiff Worthy's hearing that she did not have a law degree, and that she lacked any type of legal background.

93.     The hearing ultimately amounted to the administrator viewing at a computer screen and making a determination of guilt off of based solely on same.

94.     The hearing did not have a single police officer present to testify as to the validity of Plaintiff Worthy's notice.

95.     The hearing did not afford Plaintiff Worthy an opportunity to cross-examine those who accused him in the Notice.

96.     The hearing did not have an individual from Defendant Redflex present to testify as to the functionality of the camera that allegedly photographed Plaintiff Worthy, nor did it have a single affidavit supporting the same.

-24-

97.   Plaintiff Worthy was told that he could conduct cross-examination of the above-referenced witnesses on appeal, which would cost three times the actual traffic light citation penalty.

98.   Based on Plaintiff Worthy's hearing, it is abundantly clear that Defendant Phenix City's opportunity for a hearing, as well as the Red Light Camera Ordinance in and of itself, fails to afford a process at all.

99.   Plaintiff Worthy denies liability for the alleged violation, and attempting to challenge same through the remainder of Defendant Phenix City's "process" would be futile, given that the entire "process" is fundamentally flawed as alleged herein and fails to provide due process as required by the 14th Amendment of the U.S. Constitution.

100.   Plaintiff Worthy has received correspondence from third party entities associated with Defendant Phenix City and/or Redflex regarding collection of the fine.

101.   As a result of Defendants' conduct, Plaintiff Worthy has and will continue to suffer damages.

## CLASS DEFINITION

102.   Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this claim on behalf of all persons who received and/or paid a fine issued on a "Notice of Traffic Violation"

from Defendant's Red Light Safety Program and/or Defendant Redflex from the date Defendant's first camera became operational, April 15, 2013, to present.

103.  Plaintiffs seek to represent a class of Plaintiffs ("Class") as follows:

*All individuals and/or corporate entities who received and/or paid a fine issued on a Notice of Traffic Violation from the Phenix City Red Light Safety Program and/or Defendant Redflex for an alleged traffic light violation from the date of April 15, 2013 to present;*

104.  Excluded from the Class are all persons who make a timely election to be excluded from the Class; governmental entities; City Council Members of Phenix City; any employee or other representative of the Phenix City, Alabama Municipal Government; any employees or other representatives of Defendant Redflex; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based upon information obtained through discovery.

105.  Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff and Class Members can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

106.  This action has been brought and may be properly maintained on behalf of the Class proposed herein under Fed. R. Civ. P. 23.

-26-

## CLASS ACTION PREREQUISITES

### I.      Numerosity: Fed. R. Civ. P. 23(a) (1)

107.   The members of the Class are so numerous that a joinder of all who have received notice of violations from Defendants is impracticable. While Plaintiffs are informed and believe that there are not less than one hundred members of the Class, the precise number of Class members is unknown to Plaintiffs, but my be ascertained from Defendants' records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

### II.     Commonality: Fed. R. Civ. P. 23(a) (2)

108.   Common questions of law or fact predominate over individualized questions. These questions include, but are not limited to, the following:

> a.  Whether Defendant Phenix City's Red Light Camera Ordinance is facially unconstitutional with regard to either the United States Constitution or the Alabama Constitution.
>
> b.  Whether Defendant Phenix City is attempting to convert a criminal violation into an identical "civil" violation in an effort to circumvent the burden of proof requirements afforded to those accused of a crime under both the U.S. and Alabama Constitutions.
>
> c.  Whether Defendant Phenix City's Red Light Camera Ordinance illegally conflicts with Alabama law by converting a state criminal violation into an identical "civil" penalty

d. Whether, if treated as a criminal violation, Defendant Phenix City's Red Light Camera Ordinance violation "hearings" fail to afford Plaintiffs and Class Members due process in violation of the 14th Amendment of the U.S. Constitution and/or the Alabama Constitution.

e. Whether Defendant Phenix City's implementation/administration of the Red Light Camera Ordinance and/or use of Defendant Redflex to outsource enforcement procedures violates the United States and/or Alabama Constitutions.

f. Whether Defendant Phenix City's implementation/administration of the Red Light Camera Ordinance and/or use of Defendant Redflex to outsource enforcement procedures violates the Confrontation Clause of the Sixth Amendment and/or the Alabama Constitution.

g. Whether Defendant Phenix City's implementation/administration of the Red Light Camera Ordinance and/or use of Defendant Redflex to outsource enforcement procedures violates the Fifth Amendment of the United States and/or the Alabama Constitution.

h. Whether Defendant Phenix City violated Alabama law in allowing a municipal court administrator to execute the City's Red Light Camera Ordinance, as well as allowing said administrator to conduct hearings pertaining to same.

i. Whether the Courts afforded by Defendant Phenix City lack jurisdiction to hear "civil" violations of the Red Light Camera Ordinance.

j. Whether Defendant Phenix City has failed to comply with Alabama law in implementing their Red Light Camera Program.

k. Whether Defendant Phenix City's "administrative adjudication hearing" limits Plaintiff and Class Members' access to courts in violation of the First Amendment of the United States Constitution.

l. Whether, if treated as a "civil" violation, Defendant Phenix City's Red Light Camera Ordinance "hearing" procedures fail to provide Plaintiffs and Class Members due process in violation of the 14th

Amendment of the U.S. Constitution and/or the Alabama
Constitution.

m. Whether Defendant Phenix City converted funds from Plaintiffs and
Class Members who paid their fines through the use of
unconstitutional conduct.

n. Whether Defendant Redflex's receipt of funds from the violations
at issue in Phenix City violates the U.S. or Alabama Constitutions
and/or Alabama or federal law.

o. Whether Defendant Redflex conspired with Defendant Phenix City
in violating Plaintiffs and Class Members' Constitutional rights.

p. Whether Defendant Phenix City's Red Light Safety Program
constitutes an official municipal policy that infringed on the civil
rights of Plaintiff and Class Members.

q. Whether Defendant Phenix City and/or Defendant Redflex had any
type of procedure in place to properly check if the red light cameras
were operating properly at the time the alleged violations occurred.

r. Whether the statutes allowing Defendant Phenix City and Defendant
Redflex to create red light cameras violate the U.S. and/or Alabama
Constitutions.

s. Whether Plaintiff and Class Members are entitled to damages or
injunctive relief with regard to Defendant's use of red light cameras.

t. Whether Plaintiff and Class Members are entitled to the attorneys'
fees and costs of this action.

### III.   Typicality: Fed. R. Civ. P. 23(a) (3)

109.   Plaintiffs' claims are typical of the claims that a Class member could

assert against the use of Defendants' red light cameras.

-29-

### IV.    Adequacy: Fed. R. Civ. P. 23(a) (4)

110.   Plaintiffs do not have any conflicts with the proposed Class, and there are no defenses (to Plaintiffs' knowledge) that are unique to Plaintiffs' circumstances. Plaintiffs have also retained counsel in this case who are well qualified and experienced in prosecuting class actions. Plaintiffs will fairly and adequately protect the interests of the Class.

## CLASS ACTION CLAIMS

### Fed. R. Civ. P. 23(b) (1)

111.   The prosecution of separate claims or defenses by or against individual members of the class would create a risk of inconsistent or varying adjudications concerning individuals members of the class which would establish incompatible standards of conduct for the party opposing the class, and/or substantially impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

### Fed. R. Civ. P. 23(b) (2)

112.   The parties proposing the class have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**Fed. R. Civ. P. 23(b) (3)**

113.   As noted above, common questions of law or fact also predominate over individualized inquiries. The class action is a superior method for adjudicating these claims because it provides for a fair and more efficient method of resolving questions over the legality of the Defendants' practices. Without such an action, it is unlikely that absent class members would prosecute this case on an individual basis given the amounts in controversy.

WHEREFORE, Plaintiffs and Class Members request a determination from this Court that the above-styled action is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23.

## COUNT ONE: CONSTITUTIONAL AND CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §§ 1983, 1988
**(Defendants' Attempt to Circumvent the Constitutional Protections Afforded to a Criminal Defendant by Wrongfully Characterizing Red Light Violations Under The Red Light Camera Ordinance as "Civil")**

114.   Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-113 as if fully set forth herein.

115.   Plaintiffs and Class Members received Notices and fines for alleged violations of the Red Light Camera Ordinance from Defendants after allegedly being photographed by a red light camera. Defendant Phenix City has characterized violations of the Red Light Camera Ordinance as "civil" in nature. As stated above,

attempts to do so fail due to the fact that the violations are criminal under Alabama law.

116. The Red Light Camera Ordinance fails to afford alleged violators the protections that are constitutionally required for criminal violations under the U.S. Constitution.

117. The Ordinance is essentially the same as the violations set forth under Alabama state law without the Constitutional protections to which Plaintiffs and Class Members are entitled.

118. Moreover, the fine imposed by Defendant Phenix City's Ordinance is nearly identical to the respective state violations referenced above.

119. Under any other circumstance, a driver would be pulled over by a police officer, cited for a violation of the state statutes above, and afforded a higher level of protection under both U.S. and Alabama Constitution. The City would have to prove said violation beyond a reasonable doubt.

120. Defendant Phenix City's Red Light Camera Ordinance imposes a "civil" violation for the same offense, but affords alleged violators completely different rights and lower levels of protection, while also allowing Defendant Phenix City to prove a violation with a substantially lower burden.

-32-

121. In implementing and profiting off of the Red Light Camera Ordinance, Defendant Phenix City has effectively stripped a criminal violation of its Constitutional protections in an attempt to disguise same as "civil".

122. Red light violations are regularly recognized as criminal, and the alleged violations in this case are criminal as well, regardless of how Defendant Phenix City chooses to characterize them.

123. Imposing "civil" violations as Defendant Phenix City has done with its Red Light Camera Program amounts to a deliberate attempt to circumvent the Constitutional requirements for due process under the Fourteenth Amendment, as well as the requirements under the Fifth and Sixth Amendments.

124. Because the alleged violations are criminal in nature, Defendant Phenix City is required to prove said violations under the Ordinance beyond a reasonable doubt, rather than under the current burden set forth in their Red Light Camera Ordinance.

125. Defendant Phenix City has not been required to meet that burden throughout the existence of its Red Light Camera Program, and, as such, the rights of alleged violators have been repeatedly ignored and violated as a result.

126. Doing so was by design by Defendant Phenix City, as the Ordinance is an official scheme disguised as a "public safety" measure implemented by the City, and its primary concern is ensuring a steady stream of revenue above anything else.

-33-

127. Failing to properly characterize violations under the Red Light Camera Ordinance has created a wholly insufficient process that fails to protect the rights of Plaintiffs and Class Members in violation of the Fourteenth Amendment.

128. In addition to Defendant Phenix City's violation Plaintiffs and Class Members' Fourteenth Amendment Due Process rights, Defendant Phenix City has repeatedly pursued citations under the Ordinance without affording Plaintiffs and Class Members their rights under the Fifth and Sixth Amendments of the U.S. Constitution.

129. When an alleged violation occurs, Plaintiffs and Class Members are photographed by Defendant Redflex's cameras.

130. The individual from Defendant Redflex determining whether a violation of Defendant Phenix City's Red Light Camera Ordinance occurred does not appear at the administrative adjudication hearing.

131. A police officer for Defendant Phenix City allegedly signs off on the red light camera Notice of Violation that is ultimately issued to alleged violators by clicking a button on a computer screen.

132. Said officer also does not appear for the administrative adjudication hearing.

133.   More specifically, Plaintiffs and Class Members have been denied the ability to cross-examine any of the witnesses of Defendant Phenix City or Redflex, and were informed that they would only have the ability to do so on appeal.

134.   The individual determining the violation from Defendant Redflex, as well as the police officer who signs off on the Red Light Camera Citation, apparently do not appear to testify until the alleged violator of the Red Light Camera Ordinance appeals from the faulty hearing process provided by Defendant Phenix City and pays three times the amount of the actual fine to appeal the alleged violation.

135.   Thus, Plaintiffs and Class Members must pay the expense of the administrative adjudication hearing, followed by the expense of appealing the decision of the "hearing" before the above-stated individuals are called upon to testify, all the while not being afforded the rights to which they are entitled under the U.S. Constitution due to Defendants' claims that the violation is "civil".

136.   As a result, Plaintiffs and Class Members have been prohibited by Defendant Phenix City from confronting their accuser.

137.   Such a process infringes upon the Confrontation Clause of the Sixth Amendment of the U.S. Constitution.

138.   Defendant Phenix City's failure to abide by the proper burden with regard to Ordinance violations has also infringed upon Plaintiffs and Class Members' Fifth and Fourteenth Amendment rights, as it has established a procedure

that wrongfully violates one's right against self-incrimination and/or right to due process of law.

139. The Red Light Camera Ordinance was specifically designed and implemented by Defendant Phenix City as an official municipal policy and enforced under color of state law. Defendant Phenix City's Red Light Camera Program has been facilitated by Defendant Redflex's involvement, and continues to allow for both Defendants to wrongfully obtain funds through unconstitutional conduct at the expense of Plaintiffs and Class Members.

140. Plaintiffs and Class Members deny liability for such violations given the conduct alleged herein, contest their liability to same, and have suffered damages as a result of Defendants' unconstitutional actions.

## COUNT TWO: CONSTITUTIONAL AND CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §§ 1983, 1988
### (The Red Light Camera Ordinance's Facially Unconstitutional Infringement on Plaintiffs and Class Members' Procedural Due Process Rights under the 14th Amendment)

141. Plaintiffs and Class Members incorporate by reference the allegations set forth in Paragraphs 1-140 as if fully set forth herein.

142. Plaintiffs and Class Members were fined for allegedly violating the Phenix City Red Light Ordinance after apparently being photographed by a Redflex camera.

143.   The Red Light Camera Ordinance was adopted by Defendant Phenix City and implemented as an official policy implementing and using red light cameras.

144.   Defendant Phenix City's Red Light Camera Ordinance is administered in the Municipal Court of Phenix City, Alabama by a municipal court administrator.

145.   Challenges to a Notice of Violation issued by Defendant Phenix City must be brought via the administrative adjudication hearing in the Municipal Court of Phenix City, Alabama. This is the only avenue available under the Red Light Camera Ordinance where Plaintiffs and Class Members have an opportunity to challenge their alleged "civil" violations.

146.   If the violations are characterized as "civil", the Municipal Court of Phenix City lacks jurisdiction over the administrative adjudication hearings afforded under the Red Light Camera Ordinance. Allowing otherwise would conflict with Alabama law regarding state court jurisdiction.

147.   Additionally, because the Municipal Court lacks jurisdiction, the Circuit Court of Russell County, Alabama does not have jurisdiction to hear appeals to red light camera challenges from said Court.

148.   Thus, Defendant Phenix City has been fining alleged violators without affording them a viable option to challenge their alleged "civil" violations. Moreover, Defendant Phenix City and Defendant Redflex have both collected a

-37-

substantial amount of money in fines from alleged "civil" violations while simultaneously failing to provide a process for Plaintiffs and Class Members in violation of the 14th Amendment.

149. Due to Defendant Phenix City's current "process", Plaintiffs and Class Members are left without a viable avenue to even challenge their alleged Phenix City red light "civil" violation.

150. The "process" afforded to Plaintiffs and Class Members under the Ordinance has deprived them of their right to procedural due process and substantive due process under the Fourteenth Amendment of the U.S. Constitution.

151. The acts of Defendant Phenix City were intentional in nature as a municipal policy adopted by the City, and have been created and enforced under color of state law.

152. Thus, because the Red Light Camera Ordinance in and of itself fails to provide a viable avenue for Plaintiffs and Class Members to seek relief, it is invalid on its face and amounts to a violation of Plaintiffs procedural due process rights.

153. The Red Light Camera Ordinance was specifically designed and implemented by Defendant Phenix City as an official municipal policy and enforced under color of state law. Defendant Phenix City's Red Light Camera Program has been facilitated by Defendant Redflex's involvement, and continues to allow for

both Defendants to wrongfully obtain funds through unconstitutional conduct at the expense of Plaintiffs and Class Members.

154.  Plaintiffs and Class Members deny liability for such violations given the conduct alleged herein, contest their liability to same, and have suffered damages as a result of Defendants' unconstitutional actions.

## COUNT THREE: CONSTITUTIONAL AND CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §§ 1983, 1988
### (Violation of Plaintiffs and Class Members' 14th Amendment Right of Due Process in Applying the Red Light Camera Ordinance)

155.  Plaintiffs and Class Members incorporate by reference the allegations set forth in Paragraphs 1-154 as if fully set forth herein.

156.  Defendant Phenix City's administrative adjudication hearing has a municipal court administrator, who lacks the authority necessary under Alabama law to actually adjudicate the alleged violations at issue, viewing a computer screen and making a determination as to the "guilt" of an alleged violator in a court without jurisdiction.

157.  Thus, Defendant Phenix City fails to provide a process at all, is violating the enabling statute for red light cameras, and instead is reaping the benefits of the fines they impose without having to meet any kind of burden when said violations are challenged.

158.  The Red Light Camera Ordinance attempts to apply a process that is wholly unconstitutional as executed and applied, and lacks the proper safeguards to

-39-

ensure that Constitutional standards properly met and/or a venue that Plaintiffs and Class Members can properly submit an appeal.

159.   Affording such a "process" is a clear violation of the Fourteenth Amendment of U.S. Constitution. Plaintiffs and Class Members were fined due to alleged violations of the Red Light Camera Ordinance, and were faced with the Defendant Phenix City's faulty "process" as a result.

160.   The Red Light Camera Ordinance was specifically designed and implemented by Defendant Phenix City as an official municipal policy and enforced under color of state law. Defendant Phenix City's Red Light Camera Program has been facilitated by Defendant Redflex's involvement, and continues to allow for both Defendants to wrongfully obtain funds through unconstitutional conduct at the expense of Plaintiffs and Class Members.

161.   Defendant Phenix City's municipal policy, as applied, is an unconstitutional violation of Plaintiffs and Class Members' due process rights under the 14th Amendment, and is the factual and proximate cause for Plaintiff and Class Members' damages.

162.   Plaintiffs and Class Members deny liability for such violations given the conduct alleged herein, contest their liability to same, and have suffered damages as a result of Defendants' unconstitutional actions.

## COUNT FOUR: CONSTITUTIONAL AND CIVIL RIGHTS VIOLATION
## PURSUANT TO 42 U.S.C. §§ 1983, 1988
### (Violation of Plaintiffs and Class Members' First Amendment Right to Petition the Court)

163.   Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-162 as if fully set forth herein.

164.   Plaintiffs and Class Members have been and continue to be fined by Defendant Phenix City for alleged red light violations.

165.   Defendant Phenix City's administrative adjudication hearing fails to provide a process for which Plaintiffs and Class Members can effectively challenge their respective violations.

166.   Defendant Phenix City conducts said hearings in the Phenix City Municipal Court, which lacks the requisite jurisdiction to hear Plaintiffs and Class Members' challenges.

167.   The appellate court recognized by Phenix City to hear appeals from the Municipal Court lacks jurisdiction to hear any appeals, as the Municipal Court is already without jurisdiction.

168.   The First Amendment guarantees Plaintiffs and Class Members right to petition the government for a redress of grievances.

169.   Defendant Phenix City has failed to offer a valid option for Plaintiffs and Class Members to challenge the citations issued under Phenix City's municipal

-41-

ordinance authorizing red light cameras. Thus, Plaintiffs and Class Members are being fined without the ability to challenge or appeal their alleged violations.

170.   The scheme concocted by Defendant Phenix City in their Red Light Camera Ordinance pushed Plaintiffs and Class Members to pay their fines by restricting their ability to address the violations in court. Even when said individuals requested a hearing, the actual hearing itself failed to amount to anything more than a municipal court administrator viewing video and photographs that a City employee had already reviewed.

171.   Following the "hearing", Plaintiffs and Class Members must pay an additional sum to appeal the decision, and are not afforded a legitimate opportunity to challenge said violation until that point.

172.   Failing to allow Plaintiffs and Class Members to challenge their alleged violations effectively limits their access to courts, and infringes upon their right to petition the government for redress of their grievances pertaining to Phenix City's Red Light Camera Ordinance, which is a blatant violation of the First Amendment.

173.   Defendant Phenix City's municipal policy, as applied, is an unconstitutional violation of Plaintiffs and Class Members' First Amendment rights is the factual and proximate cause for Plaintiff and Class Members' damages.

174.   The process was specifically designed and implemented by Defendant Phenix City as an official municipal policy, has been facilitated by Defendant

-42-

Redflex's involvement, and continues to allow for Defendants to wrongfully obtain funds through unconstitutional conduct at the expense of Plaintiffs and Class Members.

175.   As a result of the deprivation of their First Amendment rights, Plaintiffs and Class Members have suffered damages.

### COUNT FIVE: CONSPIRACY TO COMMIT 42 U.S.C. § 1983 VIOLATIONS
**(Defendant Redflex's Conspiracy to Profit Off of Conduct Depriving Plaintiffs and Class Members of Their Constitutional Rights)**

176.   Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-175 as if fully set forth herein.

177.   Defendant Redflex entered into an agreement with Defendant Phenix City, and was hired to install and operate the red light cameras at issue in this case.

178.   In operating the red light cameras in Phenix City, Defendant Redflex makes determinations as to whether to issue a Notice of Violation to the City regarding an alleged violator of the Ordinance.

179.   Defendant Redflex operates in a similar manner and executes its scheme in a significant number of municipalities across the country.

180.   Defendant Redflex has facilitated and participated in the wrongs alleged herein through overt actions by installing and operating red light cameras, as the various Constitutional violations at issue in this case would not have been present without Defendant Redflex's agreement with Defendant Phenix City, as well as its

-43-

involvement in the Red Light Camera Program, its operation of red light cameras, and its receipt of funds from same.

181.   Upon information and belief, Defendant Redflex receives a majority of the proceeds earned from red light camera violations.

182.   Defendant Redflex conspired with Defendant Phenix City by agreeing to operate and profiting off of the red light cameras within Phenix City via an unconstitutional ordinance at the expense of Plaintiffs and Class Members.

183.   Defendant Redflex has made significant profits off of the unconstitutional conduct of Defendant Phenix City, and has directly participated in in the 1983 violations alleged herein.

184.   Said profits were illegally derived from Defendant Redflex's agreement with Defendant Phenix City to implement a program under an unconstitutional ordinance, and were wrongfully earned following infringement upon Plaintiffs and Class Members' rights.

185.   Moreover, Defendant Redflex has received and will continue to receive a substantial benefit from its arrangement with Defendant Phenix City, takes a portion of the fees associated with each citation issued.

186.   Defendant Redflex, as a for-profit corporation, ultimately has an incentive to continue such practices, and has reaped a significant profit through unconstitutional conduct and an invalid ordinance.

-44-

187.    Defendant Redflex's employees actively determine whether violations of the Red Light Camera Ordinance have occurred prior to sending a violation to Phenix City officials. Thus, Redflex has assisted in implementing a program where their company, a private corporation, is determining whether a violation of the law existed, while also reaping the benefits of Defendant Phenix City's program.

188.    Defendant Redflex's overt actions blatantly facilitate and/or encourage unconstitutional conduct among the Defendants.

189.    Defendant Redflex has acted beyond the authority of which it can legally be delegated in making determinations of liability and/or fact pertaining to red light cameras in Phenix City.

190.    As a result of Defendant Redflex's implementation and ongoing operation of red light camera in Phenix City, all of which has been conducted under an unconstitutional ordinance, Plaintiffs and Class Members have been deprived of the constitutional rights described herein and suffered damages as a result.

### COUNT SIX: VIOLATION OF ALABAMA CONSTITUTION AND ALABAMA STATE LAW
**(Defendants' Violation of the Rights Afforded to Plaintiffs and Class Members' Under the Alabama Constitution and Alabama Law)**

191.    Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-190 as if fully set forth herein.

192.   As with the violations of the U.S. Constitution described herein, Defendant Phenix City has implemented and enforced an ordinance that is constitutionally deficient under the Alabama Constitution.

193.   Furthermore, Defendant Phenix City has directly violated the enabling statute authorizing them to use red light cameras, and continues to operate said cameras in violation of Alabama law.

194.   Defendant Redflex has facilitated and benefited from the implementation of said ordinance in violation of Plaintiffs and Class Members' rights under the Alabama Constitution.

195.   Due to the conduct described herein, Plaintiffs and Class Members have been deprived of due process of law under the Alabama Constitution.

196.   As a result of said conduct, Plaintiffs and Class Members have suffered damages.

## COUNT SEVEN: UNJUST ENRICHMENT/DISGORGEMENT
### (Defendants' Wrongful Receipt of Profits Through Unconstitutional and Unlawful Practices)

197.   Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-203 as if fully set forth herein.

198.   By the acts alleged herein, Defendants wrongfully received a benefit from Plaintiffs and Class Members in the form of unenforceable fines imposed on and collected from class members as alleged herein.

199.   Defendants' retention of said benefits amount to unjust enrichment, as the benefits were collected via an unconstitutional ordinance and illegal conduct involving both Defendants.

200.   Defendant Phenix City has received such benefits in collecting the fines charged to Plaintiffs and Class Members.

201.   Defendant Redflex has received such benefits indirectly through payments by Defendant Phenix City from the alleged red light camera violations.

202.   As a result, Defendants must disgorge themselves of said benefit in order to return the benefit for Plaintiffs and Class Members.

## COUNT EIGHT: ATTORNEYS' FEES AND COSTS PURSUANT TO 42 U.S.C. §§ 1983 & 1988

203.   Plaintiffs and Class Members incorporate by reference the allegations in Paragraphs 1-210 as if fully set forth herein.

204.   In operating the red light cameras in Phenix City, Alabama and implementing the Red Light Camera Ordinance, Defendants have facilitated and/or committed numerous Constitutional violations under 42 U.S.C. § 1983.

205.   Pursuant to 42 U.S.C. § 1988(b), Plaintiffs and Class Members are entitled to their attorneys' fees in bringing the above-styled action.

## COUNT NINE: DECLARATORY JUDGMENT

206.   Plaintiffs and Class Members incorporate by reference the allegations set forth in Paragraphs 1-212 as if fully set forth herein.

207.  Defendant Phenix City's Red Light Camera Ordinance has and continues to operate in violation of the U.S. Constitution, the Alabama Constitution, federal and state law.

208.  Given the conduct and facts stated above, as well as the fact that the Red Light Camera Ordinance is blatantly unconstitutional in a number of ways, and pursuant to 28 U.S.C. § 2202, Plaintiffs seek a class-wide Order from the Court for declaratory relief finding that Defendant Phenix City's Red Light Camera Ordinance is unconstitutional, that Defendant Phenix City's Red Light Camera Ordinance is in violation of federal and/or state law, and finding that Defendants unlawfully obtained proceeds through an unconstitutional and illegal ordinance.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Class Members respectfully demand judgment against Defendants Phenix City and Redflex as follows:

(a)    That the Court enter an Order certifying the above-stated Class pursuant to Fed. R. Civ. P. 23.

(b)    That the Court appoint the Named Plaintiffs as representatives of the Class;

(c)    That the Court appoint the undersigned counsel as counsel for the Class;

(d)    That the Court enter an Order declaring Phenix City's Red Light Camera Ordinance invalid;

-48-

(e)     That the Court enter an Order immediately enjoining further use of red light cameras within the city limits of Phenix City, Alabama;

(f)     That the Court enter an Order requiring the removal of each red light camera in Phenix City, Alabama at the expense of Defendant Redflex;

(g)     That the Court enter an Order enjoining Defendant Redflex and/or related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

(h)     That the Court award Plaintiffs' Class any monies paid pursuant to the unlawful conduct set forth herein, pre-judgment and post-judgment interest, statutory damages, compensatory damages, as allowed by law;

(i)     That punitive damages be awarded to Plaintiffs and Class Members against Defendants for their illegal conduct in Phenix City, Alabama;

(j)     That the Court Order Defendants to relieve any class members of the obligations demanded based on the unlawful conduct set forth herein;

(k)     That Plaintiffs and Class Members be awarded their attorneys' fees, costs, and expenses associated with bringing this class action.

(l)     That the Court award such other and further relief as it deems just and equitable.

   *(Signature and Jury Demand on the following page)*

## JURY DEMAND

## PLAINTFFS AND CLASS MEMBERS DEMAND A JURY ON ALL ISSUES TRIABLE.

Respectfully submitted this  7th day of February, 2017.


**THE FINLEY FIRM, P.C.**

George W. Walker, III (WAL097)
P.O. Box 3596 (36831)
611 East Glenn Avenue
Auburn, Alabama 36830
T: 334-209-6371
F: 334-209-6373
gwwalker@thefinleyfirm.com

J. Benjamin Finley (FIN005)
Travis C. Hargrove (HAR283)
R. Walker Garrett (GAR109)
200 13th Street
Columbus, Georgia 31901
T:  (706) 322-6226
F:  (706) 322-6221
bfinley@thefinleyfirm.com
thargrove@thefinleyfirm.com
wgarrett@thefinleyfirm.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Pursuant to Fed. R. Civ. P. 4(e) (1), Ala. R. Civ. P. 4.1, and Ala. R. Civ. P.

4.2, Plaintiffs and Class Members request service of the foregoing Summons and

Class Action Complaint by certified mail on all Defendants as follows:

CITY OF PHENIX CITY, ALABAMA
CHARLOTTE SIERRA
CITY CLERK'S OFFICE
601 12TH STREET
PHENIX CITY, ALABAMA 36867

REDFLEX TRAFFIC SYSTEMS, INC.
NATIONAL REGISTERED AGENTS, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, ALABAMA 36104

Respectfully submitted this 7th day of February, 2017.

THE FINLEY FIRM, P.C.

George W. Walker, III (WAL097)
P.O. Box 3596 (36831)
611 East Glenn Avenue
Auburn, Alabama 36830
T: 334-209-6371
F: 334-209-6373
gwwalker@thefinleyfirm.com

J. Benjamin Finley (FIN005)
Travis C. Hargrove (HAR283)
R. Walker Garrett (GAR109)
200 13th Street
Columbus, Georgia 31901
T: (706) 322-6226
F: (706) 322-6221

-51-

bfinley@thefinleyfirm.com
thargrove@thefinleyfirm.com
wgarrett@thefinleyfirm.com